# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Rick Ferrari, on behalf of himself and all others similarly situated, | Civil No. 14-2956 (DWF/FLN) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Best Buy Co., Inc.; Best Buy Stores, L.P.; and Bestbuy.com, LLC, | |
| Defendants. | |

_____

Gregory R. Merz, Esq., Kathryn J. Bergstrom, Esq., Dean C. Eyler, Esq., and Richard C. Landon, Esq., Gray Plant Mooty Mooty & Bennett, PA; Hayward J. Kaiser, Esq., Mitchell Silberberg & Knupp LLP; Francis O Scarpulla, Esq., and Patrick B. Clayton, Esq., Law Offices of Francis O. Scarpulla; and Jonathan Shub, Esq., and Scott A George, Esq., Seeger Weiss LLP, counsel for Plaintiff.

Elliot S. Kaplan, Esq., Stephen P. Safranski, Esq., Katherine S. Barrett Wiik, Esq., and Cassandra B. Merrick, Esq., Robins Kaplan LLP, counsel for Defendants.

_____

## INTRODUCTION

This matter came before the Court on March 18, 2016, pursuant to a Motion to Dismiss with Prejudice Pursuant to Rule 41(a)(2) filed by Plaintiff Rick Ferrari. (Doc. No. 89.) Defendants Best Buy Co., Inc., Best Buy Stores, L.P., and Bestbuy.com, LLC (collectively "Best Buy") oppose the Motion. (Doc. No. 94.) For the reasons set forth below, the Court grants Ferrari's Motion and dismisses the case with prejudice.

**BACKGROUND**

Ferrari filed suit against Best Buy claiming that Best Buy's marketing and labeling of its Insignia-brand LED televisions violated various Minnesota and Massachusetts consumer protection statutes.  (Doc. No. 34.)  Ferrari proposed to pursue a claim on behalf of a nationwide class of purchasers of all models of Insignia LED televisions and on behalf of a subclass of Massachusetts purchasers.  (*Id.*)  Best Buy moved to dismiss Ferrari's claims under Federal Rule of Civil Procedure 12(b)(1), (6) and Rule 9(b).  (Doc. No. 16.)

On March 18, 2015, Magistrate Judge Franklin L. Noel issued a Report and Recommendation recommending the dismissal of most of Ferrari's claims for lack of standing under Article III.  (Doc. No. 48 at 9-13.)  Specifically, Magistrate Judge Noel concluded that Ferrari lacked standing to bring claims for damages over Insignia LED television models that he never purchased.  (*Id.*)  Magistrate Judge Noel also concluded that Ferrari lacked standing to bring consumer protection claims under Minnesota law because he did not reside in Minnesota or suffer injury in Minnesota.  (*Id.* at 15-16.)  Magistrate Judge Noel did not recommend the dismissal of Ferrari's claims for injunctive relief under Massachusetts law.  (*Id.* at 16-28.)  Claims for injunctive relief and damages under Massachusetts law on behalf of a putative class of Massachusetts purchasers of one model of Insignia LED televisions remained.  (*Id.*)  Judge Michael J. Davis adopted

Magistrate Judge Noel's Report and Recommendation in its entirety on May 12, 2015. (Doc. No. 66.)[1]

Subsequent to Judge Davis's Order, the parties engaged in discovery on Ferarri's remaining claims. During discovery, Ferrari claims that he learned that Best Buy sold approximately 600-700 models of the television purchased by Ferrari and that each television was purchased for just over $300. (Doc. No. 90 ¶¶ 4, 7.) Based on these numbers, Ferrari states that he "no longer believes that it is worthwhile to pursue his claim on behalf of the putative class or individually" and believes that the Court does not have continuing jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). (Doc. No. 89 at 1-2.) Ferrari thereafter sought a potential stipulation for voluntary dismissal with prejudice. (Doc. No. 91.) The parties were unable to agree upon a stipulation. (*Id.*)

With no stipulation, Ferrari filed a Motion to Dismiss with Prejudice Pursuant to Rule 41(a)(2). Best Buy does not oppose the dismissal of Ferrari's case with prejudice, but wishes the Court to impose two conditions on the dismissal of the action. (Doc. No. 94 at 8.) First, Best Buy contends that it is entitled to its legal fees accrued since at least July 21, 2015. (*Id.*) Second, Best Buy contends that the Court should require Ferrari's counsel to file any new litigation concerning "'LED TV' consumer-fraud

---

[1] Judge Davis subsequently recused himself from the case and the case was reassigned to this Court. (Doc. No. 78.)

litigation" against Best Buy or any of its affiliates concerning the labeling and marketing of Insignia-branded televisions in the District of Minnesota.

## DISCUSSION

**I.    Jurisdiction**

The Court first addresses whether it has subject matter jurisdiction over the case. In his motion, Ferrari raises the possibility that Judge Davis's prior ruling on Best Buy's Motion to Dismiss resulted in a limited claim that falls short of the $5 million matter-in-controversy requirement under CAFA.  (Doc. No. 89 at 2.)

At any time, any party or the court may raise the issue of subject matter jurisdiction.  *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 828 (8th Cir. 2004).  "Even in the absence of a challenge from any party, courts have an independent obligation to determine whether subject matter jurisdiction exists." *Sac & Fox Tribe of the Miss. in Iowa, Election Bd. v. Bureau of Indian Affairs*, 439 F.3d 832, 836 (8th Cir. 2006).

The Court's jurisdiction in this case is invoked under CAFA, which provides for federal subject matter jurisdiction for certain class actions.  Specifically, 28 U.S.C. § 1332(d)(2) provides that a district court has original jurisdiction of any class action in which "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," and, relevant here, in which "any member of a class of plaintiffs is a citizen of a State different from any defendant[.]"  Section 1332(d) applies to any action "filed under rule 23 of the Federal Rules of Civil Procedure or similar State

statute or rule of judicial procedure" and applies to any class action "before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(1)(B), (d)(8).

Courts in this District have been divided over whether subsequent developments in class action litigation deprive a federal court of subject matter jurisdiction to continue the litigation. In *Avritt v. Reliastar Life Ins. Co.*, No. 07-CV-1817 (JNE/JJG), 2009 WL 1703224 at *2 (D. Minn. June 18, 2009) (Ericksen, J.), the court concluded that it was deprived of subject matter jurisdiction after class certification had been denied. The Court reasoned that CAFA applies only before or after the entry of a class certification order, which is defined only as "an order *approving* class certification." *Id.* (citing 28 U.S.C. § 1332(d)(1)(C)). Thus, to give meaning to that definition, jurisdiction cannot continue after an entry of an order denying class certification, which does not fit the definition of "class certification order." *Id.* Conversely, in *Delsing v. Starbucks Coffee Corp.*, No. 08-CV-1154 (PJS/JSM), 2010 WL 1507642 at *2 (D. Minn. Apr. 14, 2010) (Schiltz, J.), the court concluded that the denial of class certification did not deprive the court of subject matter jurisdiction. Instead, the court concluded that "jurisdiction turns on whether a lawsuit is *filed* as a class action[.]" *Id.* The court further concluded that to find that federal jurisdiction depends on the outcome of a class-certification motion would be inconsistent with the general principal that "the existence of federal jurisdiction is determined as of the time the complaint is filed." *Id.* (citing *Rheuport v. Ferguson*, 819 F.2d 1459, 1467 n.13 (8th Cir. 1987)) (quotations and alterations omitted).

Neither of the two above opinions bears directly on the facts present here because no class certification order has been issued. Nonetheless, Ferrari believes that the limitation of the putative class claims he may pursue—which drops this case below the amount-in-controversy threshold necessary for jurisdiction under § 1332(d)—similarly requires the Court to relinquish jurisdiction. The Court disagrees.

As a general principal, this Court's jurisdiction is determined at the time of filing. *Rheuport*, 819 F.2d at 1467, n.13. The record is clear that the allegations in the Complaint are sufficient to invoke federal jurisdiction. (*See* Doc. No. 1.) Whether the court loses jurisdiction in a case validly filed in federal court when the amount in controversy is subsequently revised below the statutory threshold is a well-litigated question. The Supreme Court advised that "[e]vents occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289–90 (1938). This principal remains true even when a complaint is limited through the dismissal of one or more claim in a multi-claim suit. *Griep v. Yamaha Motor Corp. U.S.A.*, 120 F. Supp. 2d 1196, 1199 (D. Minn. 2000). For example, in *Griep*, the court retained jurisdiction over a case where dismissed claims brought the total amount in controversy below the statutory requirement. *Id.* There, a multi-claim complaint satisfied diversity jurisdiction requirements when filed in part through the inclusion of a defamation claim. *Id.* The defamation claim was subsequently dismissed. *Id.* Nonetheless, the court retained jurisdiction. *Id.* (citing *Red Cab Co.*, 303 U.S. 283, 292).

Similarly here, the dismissal of certain claims after the filing of the Complaint has potentially reduced the remaining claims below the amount-in-controversy requirements for class actions under § 1332(d).  Nonetheless, the Court retains jurisdiction as the requirements for federal jurisdiction were met at the time of filing.  *Red Cab Co.*, 303 U.S. 283, 289–90.  Even though part of the claim was dismissed and arguably reduced Ferrari's claim below the requisite amount under CAFA, the Court retains jurisdiction over the balance of the claim.  *See Klepper v. First Am. Bank*, 916 F.2d 337, 340 (6th Cir. 1990) (citing 14A Wright, Miller & Cooper, Federal Practice and Procedure § 3702 (1985)).  Therefore, the Court may consider the merits of Ferrari's Motion and Best Buy's objections thereto.

## II.     Rule 41.

Ferrari asks the Court to dismiss his claim with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).[2]  Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  A court is not required to dismiss a claim upon request.  Instead, the Eighth Circuit has instructed courts to take a variety of factors into account:  "a court should consider factors such as whether the party has presented a proper explanation for its desire to

---

[2] Ferrari brought his claim on behalf of himself and multiple putative classes of purchasers of Best Buy televisions.  Ferrari raises the possibility that voluntary dismissal of the putative class claims requires notice to class members under Federal Rule of Civil Procedure 23(e), but argues that Rule 23(e) does not apply.  (Doc No. 89 at 8.)  The Court agrees.  Rule 23(e) provides for notice of voluntary dismissals related to "certified classes."  No class has been certified here.  Thus, Rule 23(e) does not apply.

dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants." *Thatcher v. Hanover Ins. Group, Inc.*, 659 F.3d 1212, 1213-14 (8th Cir. 2011) (citing *Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999)). Furthermore, "it is inappropriate for a plaintiff to use voluntary dismissal as an avenue for seeking a more favorable forum." *Id.* at 1214 (citing *Cahalan v. Rohan*, 423 F.3d 815, 818 (8th Cir. 2005)). It is error for a district court to dismiss an action without first addressing whether the motion is an improper forum-shopping measure. *Id.* at 215.

The purpose of Rule 41(a)(2) is "primarily to prevent voluntary dismissals which unfairly affect the other side." *Metropolitan Federal Bank of Iowa, F.S.B. v. W.R. Grace & Co.*, 793 F. Supp. 205, 206 (1992). However, typically, any dismissal under Rule 41(a)(2) is without prejudice. Fed. R. Civ. P. 41(a)(2). Thus, "[c]ourts generally will grant dismissals where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit." *Metropolitan Federal Bank*, 793 F. Supp. at 206.

### III.    Ferrari's Motion to Dismiss

Ferrari asks for a voluntary dismissal of his claim with prejudice under Rule 41(a)(2). (Doc. No. 88.) For its part, Best Buy does not claim that dismissal is inappropriate and "accepts the dismissal of this action with prejudice." (Doc. No. 94 at 8.) Best Buy, however, asks the Court to impose conditions on the dismissal; specifically, Best Buy seeks "the payment of unnecessarily expended attorney's fees and a reasonable safeguard against forum shopping[.]" (*Id.* at 9.) With no disagreement over

whether dismissal with prejudice will unfairly affect Best Buy, the Court will grant that aspect of Ferrari's motion and dismiss the claim with prejudice. The Court will address Best Buy's two requested conditions in turn.

### A. Attorney Fees

A court may condition a voluntary dismissal on the payment of attorney fees. *Kern v. TXO Production Corp.*, 738 F.2d 968, 972 (8th Cir. 1984). However, the Eighth Circuit does not require a district court to award attorney fees, especially when a case has not progressed much beyond initial stages. *Mullen v. Heinkel Filtering Sys., Inc.*, 770 F.3d 724, 729 (8th Cir. 2014). Additionally, Eighth Circuit precedent has only considered an attorney-fee condition when dismissal is without prejudice. *Kren*, 738 F.2d at 972. Other Circuits have similarly held that an attorney-fee condition may only be imposed when a case is dismissed without prejudice. *See AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997) ("we continue to adhere to the rule that a defendant may not recover attorneys' fees when a plaintiff dismisses an action with prejudice absent exceptional circumstances."); *Colombrito v. Kelly*, 764 F.2d 122, 133–34 (2d Cir. 1985) ("when a lawsuit is voluntarily dismissed with prejudice under Fed. R. Civ. P. 41(a)(2), attorneys' fees have almost never been awarded."); *Cauley v. Wilson*, 754 F.2d 769, 771 (7th Cir.1985) ("Fees are not awarded [under Rule 41(a)(2)] when a plaintiff obtains a dismissal with prejudice because the defendant cannot be made to defend again." (internal quotations omitted)); *Smoot v. Fox*, 353 F.2d 830, 833 (6th Cir. 1965) (holding

9

that attorney fees are not proper under Rule 41(a)(2) where the dismissal is with prejudice).

In certain exceptional circumstances, attorney fees may be proper in dismissals with prejudice. *AeroTech, Inc.*, 110 F.3d at 1528. For example, "when a litigant makes a repeated practice of bringing claims and then dismissing them with prejudice after inflicting substantial litigation costs on the opposing party and the judicial system, attorneys' fees might be appropriate." *Id.*; *see also Steinert v. Winn Grp., Inc.*, 440 F.3d 1214, 1222 (10th Cir. 2006).

The Court concludes that attorney fees are inappropriate in this case. Ferrari requests dismissal with prejudice and Best Buy has not demonstrated any exceptional circumstances necessary to nonetheless justify an attorney fee award. The purpose of attorney fee awards in voluntary dismissals is to compensate a defendant for unnecessary expenses caused by litigation. *Cauley,* 754 F.2d at 771–72. If a plaintiff's claim is dismissed without prejudice, a defendant faces the possibility that the plaintiff will refile the suit and cause duplicative expenses. Such a situation is not applicable when a plaintiff is prohibited from refiling because of a dismissal with prejudice. Here, with voluntary dismissal with prejudice, Best Buy will not face a claim from Ferrari in the future. No evidence has been presented indicating that Ferrari is the type of abusive litigant presenting exceptional circumstances warranting an attorney-fee award notwithstanding the prejudicial dismissal. *See AeroTech, Inc.*, 110 F.3d at 1528.

Best Buy argues that attorney fees should be awarded in this case because of "the context of a coordinated series of class actions initiated by the same group of Plaintiff's counsel [and] the policy underlying the award of fees for an action dismissed with or without prejudice." (Doc. No. 94 at 10.) Because counsel for Plaintiff can represent plaintiffs in similar claims throughout the country, Best Buy claims "there is no functional difference between a voluntary dismissal with or without prejudice[.]" (*Id.* at 10-11.) While sympathetic to the practical realities of class-action litigation, the Court does not believe that Rule 41(a)(2) permits the Court to look to the potential actions of litigants not before this Court.

### B.     Limitations on Ferrari's Counsel Filing Other Suits

The second condition Best Buy seeks on the voluntary dismissal of Ferrari's action is a "condition that prevents forum-shopping by [Ferrari's] counsel" to "ensure that valuable judicial resources are not wasted and to prevent prejudice to Best Buy." (Doc. No. 94 at 14.) The Court concludes that it does not have the power to impose the condition that Best Buy requests.

Best Buy requests that the Court condition dismissal on an order that counsel representing Ferrari in this action, and any firms acting in concert with them, be required to file any new putative class actions against any Best Buy entity challenging the "LED TV" marketing or labeling of Insignia-branded televisions in the District of Minnesota. The Court, however, finds persuasive, and follows, the Eleventh Circuit's analysis in *Woodard v. STP Corp.*, 170 F.3d 1043, 1044-45 (11th Cir. 1999). In *Woodard*, the court

concluded that a condition on voluntary dismissal that provided for fees to the defendant if the plaintiff's counsel filed a similar action in any forum was reversible error. *Id.* at 1045.  The court concluded that the only basis for imposing a condition on the plaintiff's counsel was Federal Rule of Civil Procedure 11.  *Id.*  However, the district court had not imposed sanctions and the Eleventh Circuit concluded that the district court could not retain jurisdiction to impose sanctions if the plaintiff's counsel filed a subsequent lawsuit.

While the condition Best Buy seeks here is different than the condition imposed in *Woodard*, the Court agrees with the Eleventh Circuit's analysis.  As was the case in *Woodard*, here, Best Buy has not sought sanctions under Rule 11 or any other authority.  Imposing a condition on Ferrari's counsel, instead of Ferrari, is inappropriate absent such a request for sanctions.[3]  *Id.* at 1044-45.  Rule 41(a)(2) provides that an action may be dismissed "at the *plaintiff's* request" upon the conditions that the Court deems proper.  Fed. R. Civ. P. 41(a)(2) (emphasis added).  Conditioning dismissal upon an order binding a plaintiff's counsel would only create a wedge between the interests of the counsel and the client they represent.  Best Buy directs the Court to no case where such a condition

---

[3] The Court expresses no opinion on whether the potential forum shopping by Ferrari's counsel feared by Best Buy would warrant sanctions, either in this Court or in some other court upon the filing of some new claim.  Federal Rule of Civil Procedure 11 provides that through an attorney's signature on a pleading or other document, the attorney is representing that the document "is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."  Further, federal courts have ample inherent authority to address litigation done in bad faith.  *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 33 (1991).  Should Best Buy believe a sanction motion is warranted, it may file such a motion in an appropriate forum.

was imposed in the Rule 41 context, and the Court declines to impose such a condition here.

The Court is mindful that the voluntary dismissal filed by Ferrari is likely a forum-shopping tactic by Ferrari's counsel. (Doc. No. 95 ¶ 8, Ex. G.) And the Court recognizes the Eighth Circuit's focus on potential forum shopping when considering the imposition of conditions on voluntary dismissals. *Thatcher*, 659 F.3d at 1214. However, any forum-shopping is not by Ferrari himself. Dismissal with prejudice here prevents Ferrari from filing another action in another forum; thus, there is no risk of Ferrari shopping for a more favorable forum.

Best Buy again notes the amorphous nature of class action litigation and argues that without a dismissal all other class actions would likely be consolidated in this District. Class actions certainly pose challenges not typical in the voluntary dismissal context. *Mars Steel Corp. v. Continental Ill. Nat'l Bank & Trust Co.*, 834 F.2d 677, 678 (7th Cir. 1987) ("Class actions differ from ordinary lawsuits in that the lawyers for the class, rather than the clients, have all the initiative and are close to being the real parties in interest."). However, Best Buy has pointed the Court to no authority that permits the Court to impose the conditions it seeks on a plaintiff because of his or her counsels' conduct with other clients. While sympathetic to Best Buy's situation, the Court will not impose conditions on Ferrari's counsel as a condition of dismissal.

## CONCLUSION

None of the parties wish to continue with this case. Best Buy accepts the

voluntary dismissal of this action with prejudice, but asks the Court to impose conditions upon Ferrari and Ferrari's counsel. The Court concludes that the conditions sought by Best Buy are inappropriate. The Court declines to award attorney fees because attorney fees are inappropriate when cases are dismissed with prejudice. The Court further concludes that it lacks the power to issue an order solely binding Ferrari's counsel as a condition of voluntary dismissal under Rule 41(a)(2).

### ORDER

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff Rick Ferrari's Motion to Dismiss With Prejudice Pursuant to Rule 41(a)(2) (Doc. No. [88]) is **GRANTED**.

2. Plaintiff Rick Ferrari's Amended Complaint (Doc. No. [34]) is **DISMISSED WITH PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  September 28, 2016         s/Donovan W. Frank
                                   DONOVAN W. FRANK
                                   United States District Judge